UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

*IN RE EX PARTE* APPLICATION OF OMANCO
MATERIAL VIETNAM COMPANY LIMITED FOR
AN ORDER, PURSUANT TO 28 U.S.C. § 1782,
GRANTING IT LEAVE TO OBTAIN DISCOVERY
FOR USE IN FOREIGN PROCEEDINGS

25 Misc. 35 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

Applicant Omanco Material VietNam Company Limited ("Omanco" or

"Applicant") filed this *ex parte* application seeking an order under 28 U.S.C.

§ 1782 authorizing it to serve a subpoena on Citibank, N.A. for use in

contemplated proceedings in Vietnam (the "Vietnamese Actions"). For the

reasons set forth in the remainder of this Order, the application is granted.

**BACKGROUND**[1]

**A.    The Parties**

Applicant is a company incorporated under the laws of Vietnam and

headquartered in Thai Binh City, Thai Binh Province, Vietnam. (To Decl. ¶ 1).

Global Transit Trading (s) PE LTE ("Global") is a company, based in Singapore,

with which Applicant has a business relationship. (*Id.* ¶ 3). Citibank, N.A. is

the primary U.S. banking subsidiary of Citigroup, and has its principal place of

business in New York. (Zeballos Decl. ¶ 3).

---

[1]    This Order draws its facts from the declarations of Gonzalo S. Zeballos ("Zeballos Decl." (Dkt. #3)) and Quang Anh To ("To Decl." (Dkt. #4)), and their attached exhibits, submitted in support of Applicant's application for judicial assistance pursuant to Section 1782.

For ease of reference, the Court refers to Applicant's memorandum of law in support of its application as "App. Br." (Dkt. #2).

**B.**    **The Application**

The present application arises out of a contract that Applicant entered into with Global for the purchase of thermal coal of Mozambique origin (the "Contract").  (To Decl. ¶ 3).  Under the Contract, dated August 1, 2024, Applicant was required to pay Global a total of $1,155,381.10 in exchange for the goods.  (*Id.*).

Global provided Applicant with detailed instructions on how to transfer payment under the Contract.  (To Decl. ¶ 3).  Specifically, these instructions advised Applicant to wire the money to an account at The Hongkong and Shanghai Banking Corporation Limited ("Wire Details 1").  (*Id.*).  However, on November 24, 2024, an entity operating under the name of Global (the "Alleged Defrauder") instructed Applicant to remit payment to a different account at Citibank, N.A. ("Citibank") in New York City ("Wire Details 2").  (*Id.* ¶ 4).  The Alleged Defrauder used email addresses that were nearly identical to those employed by Global's staff, as well as other deceptive means to convince Applicant that the change to the wire instructions was legitimate.  (*Id.* ¶ 5).  The Alleged Defrauder's email included as attachments a new invoice with updated wire details and a letter on Citibank's letterhead allegedly confirming these details.  (*Id.* ¶ 6).  On December 2, 2024, Applicant transferred $1,155,381.10 to the account listed in Wire Details 2.  (*Id.* ¶ 7).

On December 4, 2024, Applicant discovered that Wire Details 2 had been provided by an unknown entity that was using fraudulent email addresses to appear as Global.  (To Decl. ¶ 8).  Applicant immediately contacted Vietinbank

VietNam ("Vietinbank"), Citibank's representative in Vietnam, informing Vietinbank of the fraud and requesting that Citibank return the payment. (*Id.*). The same day, Applicant also filed a police report with the Police of Uong Bi City. (*Id.* ¶ 9). On December 16, 2024, Citibank notified Vietinbank that the account in question was currently blocked and under fraud investigation, and that Citibank did not grant authorization to return the funds to Applicant. (*Id.* ¶ 10). Then, on January 6, 2025, Citibank informed Applicant that it had contacted its client to request debit authorization for the return of the transferred funds, but it had not received a response. (*Id.*). Accordingly, Citibank suggested that Applicant and the Alleged Defrauder work together directly to arrange the return of the funds. (*Id.*).

In light of these events, Applicant intends to pursue civil and criminal claims against the Alleged Defrauder in Vietnam. (To Decl. ¶ 11). Applicant has retained Vietnamese counsel and has started gathering evidence to identify the perpetrators. (*Id.*). However, Applicant seeks certain information from Citibank to discern the Alleged Defrauder's identity. (*Id.*). Specifically, Applicant seeks the following information from Citibank: (i) identification of the entity or individual that opened the account at Citibank as identified in Wire Details 2; (ii) identification of any and all transactions made from or to the account as well as the recipients or senders of said transactions; (iii) any and all documentation that was received by Citibank to open the account; and (iv) the due diligence conducted by Citibank when the account was opened,

including but not limited to all investigations, reports, and consultations with any financial bureau.  (*Id.* ¶ 12; *see also* Dkt. #1-2 (proposed subpoena)).

**LEGAL STANDARD**

Section 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made … upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).  "The analysis of a district court hearing an application for discovery pursuant to [Section] 1782 proceeds in two steps."  *Fed. Republic of Nigeria* v. *VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022).  At the first step, the Court must determine whether the applicant satisfies Section 1782's three statutory requirements: that "[i] the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, [ii] the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and [iii] the application is made by a foreign or international tribunal or any interested person."  *Mees* v. *Buiter*, 793 F.3d 291, 297 (2d Cir. 2015); *accord Fed. Republic of Nigeria*, 27 F.4th at 148.

If the applicant meets the statutory requirements, a district court "may grant discovery under [Section] 1782 in its discretion."  *Mees*, 793 F.3d at 297. The Court must exercise its discretion "in light of the twin aims of the statute:

[i] 'providing efficient means of assistance to participants in international litigation in our federal courts and [ii] encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Schmitz* v. *Bernstein Liebhard & Lifshitz, LLP.*, 376 F.3d 79, 84 (2d Cir. 2004) (*quoting In re Application of Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997)).  To evaluate whether granting an application would further Section 1782's aims, the Court must consider four factors that the Supreme Court set forth in *Intel Corp.* v. *Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).  *See Fed. Republic of Nigeria*, 27 F.4th at 148.  These four so-called "*Intel* factors" are:

> [i] whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for [Section] 1782(a) aid generally is not as apparent; [ii] the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; [iii] whether the [Section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and [iv] whether the request is unduly intrusive or burdensome.

*Id.* (internal quotation marks omitted).

## DISCUSSION

At the outset, the Court observes that "it is neither uncommon nor improper for district courts to grant applications made pursuant to [Section] 1782 *ex parte*."  *Gushlak* v. *Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (summary order).  Applicant may therefore properly proceed with the present application on an *ex parte* basis.  Citibank's "due process rights are not

violated because [it] can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Id.*

Next, the Court finds that Applicant's submission satisfies Section 1782's three statutory requirements. *First*, the application seeks discovery from an entity that resides in the Southern District of New York. (*See* Zeballos Decl. ¶¶ 2-3). *Second*, Applicant intends to use the discovery in contemplated proceedings in Vietnam. (*See* To Decl. ¶ 11). *See also Certain Funds, Accts. and/or Inv't Vehicles* v. *KPMG, LLP*, 798 F.3d 113, 123 (2d Cir. 2015) (explaining that Section 1782 discovery can be used in aid of an action that has not even been filed yet so long as the action is within reasonable contemplation); *Ecoprivate Bus. Ltd.* v. *Clearing House Payments Co. L.L.C.*, No. 23 Misc. 232 (KPF), 2023 WL 4848516, at *3 (S.D.N.Y. July 28, 2023) (granting an application for discovery pursuant to Section 1782 when the foreign proceeding was "contemplated"). Indeed, Applicant has demonstrated that it has already "retained Vietnamese counsel" (To Decl. ¶ 11) and filed a police report in Vietnam (To Decl., Ex. 4). *Third*, Applicant is a would-be litigant and/or participant in the contemplated foreign actions and are therefore an "interested person" for purposes of Section 1782. *See Intel*, 542 U.S. at 256 (remarking that "[n]o doubt litigants are included among … the 'interested person[s]' who may invoke [Section] 1782"); *see also In re Atvos Agroindustrial Investimentos*, 481 F. Supp. 3d 166, 176 (S.D.N.Y. 2020) (observing that "since Applicant is a litigant [in the foreign proceeding], it is plainly an interested person" within the meaning of Section 1782).

The Court further finds that the four *Intel* factors weigh in favor of granting Applicant's request. *First*, Respondent is not a contemplated party to the Vietnamese Action. (To Decl. ¶ 11 (explaining that Applicant intends to pursue civil and criminal claims against the Alleged Defrauder); App. Br. 7 (stating Citibank will not be a party to the proceedings in Vietnam)).

*Second*, the contemplated actions are an appropriate subject of judicial assistance because there is no indication that the Vietnamese courts would not be receptive to discovery obtained through Section 1782. (*See* App. Br. 7 ("Vietnamese courts are affirmatively receptive to evidence obtained with the aid of other countries as they are parties to the Hague Convention on Evidence.")). *See Euromepa S.A.* v. *R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) (stating that "a district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782").

*Third*, "nothing in the record suggests" that Applicant is seeking to circumvent foreign proof-gathering restrictions or other policies. *In re BNP Paribas Jersey Tr. Corp. Ltd.*, No. 18 Misc. 47 (PAC), 2018 WL 895675, at *3 (S.D.N.Y. Feb. 14, 2018). (*See* App. Br. 8).

Lastly, Applicant's proposed subpoena is not unduly intrusive or burdensome when judged by the "familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Mees*, 793 F.3d at 302. The subpoena seeks information and documents related to a single client that is at the heart of Applicant's anticipated proceedings. (*See* App. Br. 9). *See also In re Rodriguez*

*Guillen*, No. 20 Misc. 102 (ALC), 2020 WL 3497002, at *3 (S.D.N.Y. June 29, 2020) (noting that a correspondent bank "should be able to search for and produce the records of wire transfers without significant burden").

Accordingly, the Court finds that Applicant's request comports with the *Intel* factors and is consistent with the twin purposes of Section 1782.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Applicant's application for judicial assistance pursuant to 28 U.S.C. § 1782. Applicant may serve the proposed subpoena filed at docket entry 1-2. Citibank is hereby ORDERED to produce any and all records, electronic or otherwise, in their possession in accordance with the subpoena.

The Clerk of Court is directed to close this action for administrative purposes. If any party files a motion to quash or to compel, the action shall automatically be reopened.

SO ORDERED.

Dated:    April 4, 2025
          New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

8